

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NICOLAS SANCHEZ-GARCIA,            )
                 Petitioner,       )
                                   )
v.                                 )   No. 3:16-CV-638-G
                                   )       3:04-CR-014-G
UNITED STATES OF AMERICA,          )
                 Respondent.       )

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his conviction for illegal reentry after removal from the United States. On December 17, 2004, the Court sentenced him to 100 months' imprisonment. On February 7, 2006, the Fifth Circuit Court of Appeals vacated his sentence and remanded for resentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Sanchez-Garcia*, 166 F. App'x 133 (5th Cir. 2006). On remand, the district court again sentenced him to 100 months' imprisonment and ordered his sentence to run consecutively to his state sentences for sexual assault of a child and unlawful possession of a firearm by a felon. Petitioner appealed his sentence, but the Fifth Circuit

affirmed. *United States v. Sanchez-Garcia*, 216 F. App'x 424 (2007). He then petitioned for a writ of certiorari, which was denied on June 11, 2007. *Sanchez-Garcia v. United States*, 551 U.S. 1125 (2007).

On December 28, 2015, Petitioner filed this § 2255 petition. On March 25, 2016, he filed an amended petition. He argues:

1. The court lacked jurisdiction over his case because he is a lawful permanent resident, a diplomat, and he has dual citizenship;

2. His due process rights were violated when the FBI and CIA concealed his certificate of lawful permanent residency;

3. He was not legally arrested; and

4. The clerk of court in the Western District of Louisiana violated a ministerial duty in dismissing his section 2241 claim because he did not pay the filing fee, when, in fact, the filing fee was deducted from his commissary account.

On July 5, 2016, the government filed its answer arguing, *inter alia*, the petition is barred by the statute of limitations. On July 6, 2016, and July 15, 2016, Petitioner filed replies. On December 28, 2016, and January 27, 2017, he filed discovery and new evidence motions. The Court finds the petition should be dismissed as barred by the statute of limitations.

**II. Discussion**

**1.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE

Page 2

DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. See 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on June 11, 2007, when the Supreme Court denied certiorari. See Clay v. United States, 537 U.S. 522, 527 (2003) (stating finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Petitioner then had one year, or until June 11, 2008, to file his § 2255 petition. Petitioner did not file his petition until December 28, 2015. The petition is therefore untimely.

To the extent Petitioner argues his petition is timely based on new evidence, the claim is without merit. Petitioner states he has new evidence showing he is a lawful permanent resident and that his arrest was illegal. He submitted a copy of a detainer filed by the Department of

Homeland Security and a form showing he was granted lawful permanent resident status in 1992. The lawful permanent resident form, however, is not new and was contained in Petitioner's PSR. The PSR also noted that Petitioner was later convicted of state criminal charges and was removed to Mexico in December, 2001. Petitioner has failed to show he has new evidence that causes his petition to be timely.

2.  **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

3.  **Filing Fee**

Petitioner argues that the clerk of court in the Western District of Louisiana violated a ministerial duty in dismissing his 28 U.S.C. § 2241 claim because he did not pay the

filing fee, when, in fact, the filing fee was deducted from his commissary account. Such a claim is not cognizable under § 2255 *See United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999) ("Relief under § 2255 is reserved for transgressions of constitutional law and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.") (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).